[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11639
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00051-CR-J-16-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Ray Bennett appeals the denial of his motion for a reduction of sentence. 18

U.S.C. § 3582(c)(2). Bennett's motion was based on Amendment 706 to the Sentencing Guidelines. We affirm.

Bennett challenges the denial of his motion to reduce on four grounds, all of which fail. First, Bennett argues that the district court was entitled to reduce his sentence under Amendment 706, but his argument is foreclosed by our decision in United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008), because Bennett was sentenced to a statutory mandatory term of life imprisonment. Second, Bennett complains that the district court failed to address his arguments about drug quantity and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), but a district court may not revisit any "original sentencing determinations." United States Sentencing Guidelines § 1B1.10(b)(1) (Nov. 2008); see United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Third, Bennett argues that the district court had discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 522 U.S. 85, 128 S. Ct. 558 (2007), but those decisions do not apply to a motion to reduce a sentence. See United States v. Melvin, 556 F.3d 1190, 1191–93 (11th Cir. 2009). Fourth, Bennett argues, for the first time on appeal, that the refusal to treat the Guidelines as advisory violated his rights to equal protection and due process, but Bennett was sentenced to a statutory mandatory term of life

2

imprisonment based on his prior convictions.  See United States v. Castaing-Sosa,

530 F.3d 1358, 1360–61 (11th Cir. 2008).  The district court did not err by denying

Bennett's motion.

The denial of Bennett's motion for a reduced sentence is **AFFIRMED.**