[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

No. 10-11221
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00485-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN GERONE THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

John Gerone Thomas appeals his 120-month sentence, which the district

court imposed after granting his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Thomas argues that the district court erred by (1) failing to reduce his sentence below the applicable statutory minimum penalty, (2) failing to reduce his sentence below the amended guideline range, and (3) failing to consider the 18 U.S.C. § 3553(a) sentencing factors when calculating a reasonable sentence. For the reasons set forth below, we affirm.

## I.

In 2004, Thomas pled guilty to possession with intent to distribute 50 grams or more of crack cocaine. The presentence investigation report set Thomas's base offense level at 38, under U.S.S.G. § 2D1.1(c)(1), because Thomas's offense involved 4 kilograms of crack cocaine. Thomas was subject to a total offense level of 37, a criminal history category of III, and a guideline imprisonment range of 262 to 327 months. Pursuant to 21 U.S.C. § 841(b)(1)(A), Thomas was subject to a mandatory minimum of 10 years' imprisonment.

Prior to sentencing, the government filed a U.S.S.G. § 5K1.1 motion for a two-level reduction in Thomas's base offense level, based on Thomas's substantial assistance. At Thomas's sentencing hearing, the government orally amended its § 5K1.1 motion to recommend a four-level, rather than a two-level, departure. The court granted the government's § 5K1.1 motion for a 4-level departure and

2

also departed an additional 2 levels, reducing Thomas's offense level to 31 and his guideline imprisonment range to 135 to 168 months. The court sentenced Thomas to 135 months' imprisonment, to be followed by 5 years' supervised release.

In January 2009, the district court, *sua sponte*, ordered the probation office to complete a supplemental report addressing whether Thomas was eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.

The government acknowledged that Thomas was eligible for a § 3582(c)(2) reduction, because Amendment 706 reduced his original offense level of 37 to 35, and his original guideline imprisonment range of 262 to 327 months to 210 to 262 months. It asserted that the court should recalculate Thomas's total offense level, then apply a departure comparable to the departure Thomas originally received as a result of the § 5K1.1 motion. The government noted that, although such a departure would result in an amended guideline range of 108 to 135 months, Thomas was subject to a statutory mandatory minimum of 10 years' (120 months) imprisonment.

Thomas responded that, under *Booker*[1] and *Kimbrough*,[2] the district court

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[2] *United States v. Kimbrough*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

had discretion to impose a sentence below the low end of the amended guideline range.

The district court reduced Thomas's sentence to 100 months' imprisonment. It noted that Thomas was subject to an amended total offense level of 35 and an amended guideline imprisonment range of 210-262 months. The court explained that Thomas's original sentence resulted from a downward departure, and that the 100-month sentence resulted from a comparable departure from the amended guideline range.

The government appealed Thomas's 100-month sentence, arguing that the district court lacked discretion to depart below the 10-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A)(iii). We vacated Thomas's 100-month sentence and remanded for resentencing, holding that, pursuant to *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008), "the district court was not authorized to reduce Thomas's sentence below the applicable [120-month] statutory minimum, even though the government filed a § 5K1.1 motion at the original sentencing proceeding." *See United States v. Thomas*, 360 Fed.Appx. 4, 7 (11th Cir. 2010). Following the remand, the district court sentenced Thomas to 120 months' imprisonment.

## II.

*A.* *Failure to Impose Sentence Below Mandatory Minimum Term of Imprisonment*

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). Under the law of the case doctrine, we are bound by findings of fact and conclusions of law made on a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decisions of law applicable to an issue, or (3) the prior decision was clearly erroneous and could work manifest injustice. *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

Thomas has failed to show that the law of the case doctrine does not apply, because he has not established that one of the three exceptions set forth in *Stinson* applies. First, no trial was held after we issued our first *Thomas* decision. Second, Thomas has failed to cite subsequent controlling authority that contradicts *Thomas*. Instead, he simply argues that *Williams*, a case decided before *Thomas*, does not apply to his case. Finally, as explained below, Thomas has failed to show that our decision in *Thomas* was clearly erroneous.

In *Thomas*, we relied on *Williams* and held that "the district court was not authorized to reduce Thomas's sentence below the applicable [120-month] statutory minimum, even though the government filed a § 5K1.1 motion at the original sentencing proceeding." *See Thomas*, 360 Fed.Appx. at 7. In *Williams*, we held, in the context of a § 3582(c)(2) proceeding, that "a downward departure from [a] mandatory minimum does not constitute a waiver or dispensing" of the mandatory minimum. *See Williams*, 549 F.3d at 1341. Although the defendant in *Williams* was ineligible for a § 3582(c)(2) reduction because, unlike Thomas, he was originally sentenced below the applicable statutory minimum, *Williams*'s holding that a district court is bound by a statutory minimum penalty, even if a downward departure was originally granted, applies with equal force to Thomas's case. *See Williams*, 549 F.3d at 1340-41. Thus, our holding in *Thomas* is not clearly erroneous in light of *Williams*, and the law of the case doctrine applies. *See Stinson*, 97 F.3d at 469. Accordingly, Thomas is bound by our prior determination that the district court lacked authority to sentence him below the 120-month statutory minimum term of imprisonment.

B. *Failure to Impose Sentence Below Amended Guideline Range*

Our precedent, as well as recent Supreme Court precedent, forecloses Thomas's argument that *Booker* and *Kimbrough* apply to § 3582(c)(2) proceedings

and permit courts to sentence a defendant below the amended guideline range. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir.), *cert. denied*, 129 S.Ct. 2382 (2009) (holding that *Booker* and *Kimbrough* apply to original sentencing proceedings and do "not address motions to reduce a sentence under § 3582(c)(2)); *Dillon v. United States*, 560 U.S. __, 130 S.Ct. 2683, 2692, __ L.Ed.2d __ (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings, because such proceedings "do not implicate the interests identified in *Booker*"). Moreover, as noted above, the district court lacked discretion to sentence Thomas below the 120-month statutory minimum. Accordingly, the district court did not err by failing to sentence Thomas below the amended guideline range.

### C.   *Failure to Consider 18 U.S.C. § 3553(a) Sentencing Factors*

Any error in failing to consider the § 3553(a) sentencing factors is harmless because, as noted above, Thomas received the lowest sentence the district court could impose. *See United States v. Arevalo-Juarez*, 464 F.3d 1246, 1252 (11th Cir. 2006) (holding that we will "affirm for harmless error in the sentencing context if . . . the sentencing court would have likely sentenced the defendant in the same way absent the error"). Accordingly, we affirm Thomas's 120-month sentence.

**AFFIRMED.**