[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15995
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00117-CR-ORL-19GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN JAMIL SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Damian Jamil Smith appeals his sentence of 504 months of imprisonment for two counts of robbery, 18 U.S.C. §§ 2, 1951, and carrying a firearm during and in connection with his two robbery crimes, id. § 924(c)(1). Smith raises three challenges to his sentence: he is entitled to credit for the time he had spent in state custody; he should have received concurrent instead of consecutive sentences for his firearm crimes; and his sentences to consecutive terms of imprisonment are contrary to the goals of the Sentencing Commission and constitute cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

Smith and a codefendant were charged in a 29-count indictment for crimes stemming from two crime sprees involving the carjacking, abduction, and robberies of five victims. Smith was charged with 26 crimes, and he entered an agreement to plead guilty to four crimes: two counts of robbery, id. §§ 2, 1951, and two firearm offenses, id. § 924(c)(1). The plea agreement provided that Smith waived his right to appeal or challenge collaterally his sentence, subject to three exceptions: the sentence exceeded the "applicable guidelines range as determined by the Court"; the sentence exceeded the maximum statutory penalty; or the sentence violated the Eighth Amendment. The plea agreement stated that Smith faced a possible sentence of life imprisonment for his firearm offenses and the sentences imposed for those offenses would be served consecutively.

2

At a change of plea hearing before a magistrate judge, Smith verified that he had read and signed the plea agreement. Smith acknowledged that he faced possible sentences of life imprisonment for his firearm convictions and he twice acknowledged that the sentences imposed for his firearm convictions would be served consecutively. The magistrate judge explained to Smith the consequences of waiving the right to appeal his sentence, and Smith stated that he agreed, subject to the three exceptions, to waive the right to appeal his sentence. The magistrate judge also explained to Smith that any sentence he received for his federal crimes could run consecutive to another sentence for robbery that had been imposed by a state court and could result in Smith "spend[ing] [his] life in prison," and Smith stated that he understood his potential sentence. The district court later accepted Smith's pleas of guilty.

A presentence investigation report listed a total offense level of 33. With a criminal history of I, the report provided a sentencing range between 135 and 168 months of imprisonment for each of Smith's robbery crimes, a consecutive sentence of 84 months of imprisonment for one firearm offense, and a second consecutive sentence of 300 months of imprisonment for Smith's second firearm offense. Smith faced a maximum sentence of 20 years of imprisonment for his robbery crimes, and minimum mandatory sentences of 7 years for one firearm

offense and 25 years for his second firearm offense.

Smith requested a sentence of 25 years of imprisonment to run consecutive to a ten-year sentence for robbery that had been imposed by a state court. Smith argued that the mandatory minimum sentences for his firearm offenses were contrary to the goals of the Sentencing Commission and violated the introductory paragraph of section 924(c). Smith argued that his conviction for robbery in a state court was related to his federal offenses, and he requested that his federal sentence run concurrent with his state sentence and he receive credit for the time served on his state sentence.

At the sentencing hearing, the district court discussed the facts relevant to each sentencing factor. 18 U.S.C. § 3553. The district court imposed 120-month sentences for Smith's robbery crimes and ordered that those sentences run concurrent with each other and with Smith's sentence in state court. The district court also sentenced Smith to 84 months and 300 months of imprisonment for his firearms crimes and ordered that those sentences run consecutive to each other and to Smith's 120-month sentences. The district court informed Smith of his right to appeal and reminded Smith that he had "limited [his] right to appeal in [his] plea agreement." Smith acknowledged that there were limitations on his right to appeal.

Smith argues that he is entitled to credit for the time served on his state

4

sentence, he should have received concurrent sentences for his firearms offenses, and the imposition of consecutive sentences is contrary to the goals of the Sentencing Commission, but these arguments are barred by the appeal waiver in Smith's plea agreement. The magistrate judge explained the waiver to Smith during the change of plea hearing, and Smith acknowledged at that hearing and after sentencing that he had agreed to waive his right to appeal his sentence. See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). Smith knowingly and voluntarily waived the right to appeal these aspects of his sentence.

Smith's appeal waiver does not bar his argument, which he raises for the first time on appeal, that his sentence violates the Eighth Amendment, but that argument nevertheless fails. The district court departed downward from the advisory guideline range and sentenced Smith to 120 months of imprisonment for his robbery offenses. Smith's sentences of 84 months and 120 months of imprisonment for his firearms offenses were mandatory, see United States v. Castaing-Sosa, 530 F.3d 1358, 1361–62 (11th Cir. 2008), and we previously have upheld a mandatory minimum sentence against an Eighth Amendment challenge, United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). Smith acknowledged at his change of plea hearing that he had to serve consecutively the sentences for his firearms offenses and he faced the possibility of "life in prison."

5

"'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment,'" United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (quoting United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005)), and Smith cites no caselaw that his sentence of 504 months of imprisonment is grossly disproportionate to his crimes. The district court did not plainly err in sentencing Smith.

Smith's convictions and sentences are **AFFIRMED**.