[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14707
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 08-00021-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

USEBIA DONTRELL GREEN,

Defendant-Appellant
Cross-Appellee.

_____

No. 10-10589
Non-Argument Calendar

_____

D. C. Docket No. 5:08-cr-00021-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

USEBIA DONTRELL GREEN,

                                                    Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(April 29, 2011)

Before CARNES, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Usebia Green appeals his 97-month sentence imposed after a jury found him guilty of possession with intent to distribute more than 50 grams of crack cocaine. Green contends that his sentence was procedurally unreasonable. He argues that the district court erred at the sentence hearing by failing to clearly rule on whether it was providing him with safety-valve relief. That failure was, according to Green, a violation of Federal Rule of Criminal Procedure 32(i)(3)(B), which requires that a court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary . . . ."

The government on cross-appeal contends that because the district court failed to expressly grant safety-valve relief, the court erred in sentencing Green to 97 months, which was below the statutory minimum sentence of 120 months.

I.

A federal grand jury indicted Green on one count of possessing with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2. Green proceeded to trial, where two police officers testified that they had observed him sell crack cocaine to an undercover informant. The informant also took the stand, echoing the officers' version of events and identifying Green as the man who had sold him crack cocaine. Green testified in his own defense, denying any involvement in the drug sale. The jury returned a verdict of guilty.

Before his sentence hearing, Green filed pro se numerous documents, including a sentencing memorandum and two motions alleging ineffective assistance of counsel. In the sentencing memorandum Green argued that he was eligible for various reductions in his sentence, including relief under the "safety valve" provision in United States Sentencing Guidelines § 5C1.2, which permits a court to sentence a defendant below the statutory minimum provided he meets each of the five requirements laid out in 18 U.S.C. § 3553(f).

3

At the sentence hearing the district court first noted that Green's presentence investigation report had calculated his guidelines range as 97 to 121 months but that there was a statutory mandatory minimum sentence of 120 months applicable to his crack cocaine conviction. Defense counsel then spoke up, acknowledging the various pro se objections and motions that Green had filed but concluding: "I have no legal objections to the PSR. As the court has noted it's a straight 120 month mandatory minimum." The court then allowed Green to speak, and he argued that he was entitled to a lower sentence because of acceptance of responsibility, his "family ties," and the safety valve provision.

When the court questioned Green about his safety-valve argument, defense counsel interjected, reminding Green that because he had testified under oath during his trial, anything he might say at the sentence hearing could subject him to further prosecution. The court re-emphasized that point, explaining to Green that he could be indicted for perjury if he contradicted the testimony he had given during his trial (denying any involvement in the crime).

The court then addressed and rejected Green's arguments that were based on his alleged acceptance of responsibility and his "family ties" before returning to the question of safety valve relief. Green argued again that he believed he met all

4

five requirements necessary for safety valve relief. His counsel then spoke up, explaining the predicament:

> Clearly, Your Honor, I would love to see Mr. Green get the safety valve but my understanding is that he has not yet accepted and told the Government everything he has to say about this case. And he has already testified under oath at trial so he is in a precarious situation.

The government agreed with defense counsel, pointing out that the only thing Green had owned up to was the undisputed fact that the jury had found him guilty; he had not admitted that he committed the crime. As a result, the government argued, safety valve relief was not appropriate.

After asking whether either side had anything further, the court then proceeded to pronounce sentence:

> Well, the court recognizes that the Supreme Court's ruling in United States verus Booker, sets forth that the District Courts, while not being bound to apply the sentencing guidelines, must consult those guidelines and take them into account when sentencing. In imposing sentence today, the Court has taken the Guidelines under advisement and determined that the advisory sentencing range is 97 to 121 months, which increases to 120 to 121. Due to the statutory mandatory minimum and considering an offense level of 30 and a criminal history category of I.
>
> However, in this case the Court is going to enter a variance and I am going to reduce the guideline sentencing range down to 97 to 121 months. I think that is appropriate in terms of this case and considering the nature and circumstances of the offense . . .

The court went on to discuss other 18 U.S.C. § 3553(a) factors before explaining that it was imposing a sentence of 97 months imprisonment. When it asked whether either side had any objections, the government objected to the court's having imposed a sentence "below the mandatory statutory minimum." Green raised no further objections. The court then acknowledged the government's objection and concluded the hearing.

In the "Statement of Reasons" it filed after sentencing, the district court adopted the PSR without change. The court also recognized that a mandatory minimum sentence applied to Green's count of conviction, but the court justified sentencing below the mandatory minimum on the basis that it had "imposed a variance (downward)." On the sentencing form used in that district the court left unchecked a box that would have indicated that it had granted safety valve relief.[1]

## II.

We review de novo a district court's interpretation and application of the sentencing guidelines. United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010). We also review de novo the district court's authority to impose a sentence

---

[1]For reasons we explain more fully below, the Middle District of Georgia's "Statement of Reasons" form appears to contain at least one error in section "II.C." That section of the form allows a court to explain why it imposed a sentence below the mandatory minimum. One of the options a court can check is that "[t]he Court imposed a variance (downward)," but that would not, under the law of this Circuit, justify a sentence below the mandatory minimum. See United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008).

6

below the statutory minimum. United States v. Gomes, 621 F.3d 1343, 1345 (11th Cir. 2010). In an appeal of a denial of a motion for relief under the safety valve, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004).

### III.

U.S.S.G. § 5C1.2, the so-called "safety-valve" provision, enables a district court to sentence a defendant without regard to the statutory minimum for certain offenses if five requirements are met. United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006). A defendant who satisfies these criteria is eligible for a two-level reduction in offense level. See id.; see also U.S.S.G. § 2D1.1(b)(11). The burden is on the defendant to show that he has met all of the safety-valve requirements. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). The last of them is that the defendant must show that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). This final factor is a "tell-*all*" provision: in order to satisfy it, the defendant has an affirmative responsibility to "truthfully disclose to the government all information and evidence that he has

7

about the offense and all relevant conduct." Johnson, 375 F.3d at 1302 (quotation marks and citation omitted).

"It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008). As we explained in Castaing-Sosa, the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), "made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress." 530 F.3d at 1362. We continued: "Thus, Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum." Id.

Both sides ask us to remand this case for resentencing, and our review of the record convinces us that is the correct result. We agree with Green that the district court failed to expressly rule on his request for safety-valve relief. That said, the court's actions, statements, and the "Statement of Reasons" form it filled out after sentencing strongly suggest that it did reject Green's request.

We also agree with the government that the district court exceeded its authority in sentencing Green to 97 months imprisonment. <u>See</u> <u>Castaing-Sosa</u>, 530 F.3d at 1360. The government did not file a substantial assistance motion under U.S.S.G. § 5K1.1, and there was no express grant of safety-valve relief. The district court's use of the § 3553(a) factors to justify its "variance" below the mandatory minimum was, for the reasons we explained in <u>Castaing-Sosa</u>, error. <u>Id.</u> at 1362.

For these reasons, Green's sentence is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.[2]

**VACATED AND REMANDED.**

---

[2]Because we are remanding this case for resentencing, we need not decide several other issues that Green raises in this appeal. Two of them concern the district court's alleged failure at sentencing to verify that Green and his attorney had read and discussed his PSR and its alleged failure to consider Green's argument that under <u>Kimbrough v. United States</u>, 552 U.S. 85, 128 S.Ct. 558 (2007), he was entitled to a lower sentence. Even if we assume that the alleged errors were errors, our decision renders them moot, at least for the time being. Green also argues that his counsel rendered ineffective assistance during sentencing. That argument is moot because Green, who is represented by new counsel, is to be resentenced.