[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10360
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00309-SCB-TGW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANTONIO TORRES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2012)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Miguel Torres appeals his sentence of 384 months of imprisonment following his pleas of guilty to brandishing a firearm during a robbery, 18 U.S.C. § 924(c)(1)(A), and brandishing a firearm in furtherance of a carjacking, id. Torres argues, for the first time on appeal, that his sentences to statutory minimum terms of imprisonment are contrary to the goals of the Sentencing Commission and fail to account for the statutory sentencing factors.  Torres also argues, for the first time, that his cumulative sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.  The government argues that Torres waived his right to appeal his sentence and invited the errors about which he complains. We affirm.

Torres entered a plea agreement with the government where, in exchange for his two pleas of guilty, the government agreed to dismiss one count of brandishing a firearm, two counts of robbery in violation of the Hobbs Act, and two counts of carjacking.  The plea agreement stated that Torres faced a mandatory minimum sentence of 7 years for brandishing a firearm during a robbery to run consecutive to a mandatory minimum sentence of 25 years for brandishing a firearm in furtherance of a carjacking.  The plea agreement provided that Torres waived his right to appeal or challenge collaterally his sentence subject to three exceptions: the sentence exceeded the "applicable guidelines range as

determined by the Court"; the sentence exceeded the maximum statutory penalty; or the sentence violated the Eighth Amendment.

At a change of plea hearing before a magistrate judge, Torres verified that he had read and understood each page of the plea agreement.  Torres acknowledged that he faced a minimum sentence of 32 years of imprisonment and that he had agreed, subject to the three exceptions, to waive the right to appeal his sentence.   The district court later accepted Torres's guilty pleas.

In a sentencing memorandum, Torres requested a sentence of 32 years of imprisonment.  Torres stated that "32 years . . . is a just punishment that takes into consideration the nature and circumstances of [his] offense, [his] history and characteristics . . . , the seriousness of [his] offense, the notion of promoting respect for the rule of law" and would "provide just punishment for the offense, . . . afford adequate deterrence to criminal conduct, and . . . protect the public from future crimes . . . ."  Torres acknowledged that the "statutory scheme . . . d[id] not allow [him] to argue for anything less than 32 years."

During the sentencing hearing, defense counsel stated that Torres "rest[ed] on what [he] put in the Sentencing Memorandum" and "accept[ed] his punishment."  The district court sentenced Torres to 384 months of imprisonment. The district court reminded Torres that he "had waived his right to appeal by

3

entering into the plea agreement," and Torres acknowledged the remarks made by the district court that it had not committed an error that fell within any of the three exceptions to the waiver.

Torres argues that the imposition of mandatory minimum sentences is contrary to the goals of the Sentencing Commission and fails to account for the statutory sentencing factors, but these arguments are barred by the appeal waiver in Torres's guilty plea. The magistrate judge explained the waiver to Torres during his change of plea hearing, and Torres acknowledged that he had agreed to waive his right to appeal his sentence. See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). Torres knowingly and voluntarily waived the right to appeal these two aspects of his sentence.

Torres's appeal waiver does not bar his argument that his sentence violates the Eighth Amendment, but that argument is barred under the doctrine of invited error. Torres invited the district court to sentence him to 32 years of imprisonment. See United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). Because Torres received the sentence that he requested, he "cannot now, on appeal, complain that the [sentence] was erroneous." United States v. Chandler, 996 F.2d 1073, 1084 (11th Cir. 1993).

Even if Torres had not invited a sentence of 32 years, his argument about a

4

violation of the Eighth Amendment would fail.  Torres's sentences of 84 months and 300 months for his firearms crimes were mandatory.  See United States v. Castaing-Sosa, 530 F.3d 1358, 1361–62 (11th Cir. 2008).  Torres agreed to a sentence of 32 years of imprisonment, and he acknowledged in his sentencing memorandum and at the sentencing hearing that the sentence was just and reasonable.  "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment," United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (internal quotation marks omitted), and Torres fails to explain how his sentence is grossly disproportionate to his crimes.

We **AFFIRM** Torres's sentence.