[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12186
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00003-RS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HARDESTY MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 31, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

James Hardesty Moore appeals his 96-month sentence after pleading guilty to conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Based on Moore's substantial assistance in a criminal investigation, the government moved under U.S.S.G. § 5K1.1 for a downward departure from the 120-month mandatory minimum sentence that Moore faced under 21 U.S.C. § 841(b)(1)(B).  On appeal, Moore argues that his sentence is procedurally and substantively unreasonable because the district court did not properly consider his advanced age, serious health issues, and military service.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the reasonableness of a sentence for abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*).  Under this standard, we will not reverse simply because we would have imposed a different sentence than that imposed by the district court.  *Id.* at 1191.  The district court need only impose a sentence that is within the range of reasonable sentences.  *Id.* at 1190.  The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in 18 U.S.C. § 3553(a).  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

2

In evaluating the reasonableness of a sentence, we follow a two-step process by first determining whether the sentence is procedurally reasonable, and then if necessary, determining whether the sentence is substantively reasonable. *Id.* at 1323-24. A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in § 3553(a), considers the Sentencing Guidelines mandatory, fails to properly calculate the appropriate guideline range, or fails to adequately explain the chosen sentence. *Id.* at 1323. The § 3553(a) factors are: the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need to promote respect for the law, afford adequate deterrence, and protect the public; the need to provide the defendant with training, education, and medical care; the kinds of sentences available; the Sentencing Guidelines range for the offense; the Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide victims with restitution. 18 U.S.C. § 3553(a)(1)-(7). The district court need not discuss or explicitly state on the record each § 3553(a) factor. *Gonzalez*, 550 F.3d at 1324.

In reviewing for substantive reasonableness, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question." *Id.* "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v.*

3

*Clay*, 483 F.3d 739, 743 (11th Cir. 2007).   We will only remand for resentencing if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.*

Although statutory mandatory minimums are generally preclusive, the district court may impose a sentence below the mandatory minimum in certain limited circumstances. *See* 18 U.S.C. § 3553(e), (f); *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360-61 (11th Cir. 2008).  Under U.S.S.G. § 5K1.1, the government may file a motion informing the court that the defendant provided substantial assistance in the investigation or prosecution of another individual. U.S.S.G. § 5K1.1.  If the government files such a motion, the court *may* depart downward under the Sentencing Guidelines, and the resulting sentence may fall below the mandatory minimum penalty.  *Id.*; *Castaing-Sosa*, 530 F.3d at 1360-61

Here, Moore has failed to show that his total 96-month sentence was procedurally or substantively unreasonable.  As to procedural reasonableness, the district court listened to the parties' arguments, noted that the Guidelines were advisory, stated that it had considered the § 3553(a) factors, and explained its reasons for imposing the 96-month sentence.  *See Gonzalez*, 550 F.3d at 1323.  The court also considered the government's § 5K1.1 motion based on Moore's

4

substantial assistance, and imposed a sentence below the 120-month mandatory minimum sentence of imprisonment.  Moore's argument that the district court procedurally erred by failing to mention his mitigating evidence is unavailing because the district court considered the § 3553(a) factors and determined that the sentence was necessary to provide just punishment and to afford adequate deterrence to others.  *See id.* at 1324; *see also United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (holding that a district court did not commit procedural error where it did not discuss the defendant's mitigating evidence because the district court considered the § 3553(a) factors).  Thus, Moore has not shown procedural error.

Turning to substantive reasonableness, Moore's total sentence was substantively reasonable in light of the § 3553(a) factors and totality of the circumstances.  *See Gonzalez*, 550 F.3d at 1324.  As the district court noted, the 96-month sentence adequately addressed the nature and circumstances of Moore's criminal conduct, which included his involvement in a large-scale marijuana distribution conspiracy, and the need to impose a sentence that afforded adequate deterrence to others who commit similar offenses.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B); *Gonzalez*, 550 F.3d at 1324.  Moore's 13-year history of drug- and firearms-related convictions, as well as evidence that he distributed marijuana for 25 to 30 years, also supports his sentence.

5

While Moore presented mitigating evidence to the district court—his advanced age, health problems, and military involvement—the weight to be afforded to the § 3553(a) factors is within the sound discretion of the district court. *See Clay*, 483 F.3d at 743.  Moore has not demonstrated that his 96-month sentence was outside the range of reasonable sentences the district court could impose, because although it was above his guidelines range of 63 to 78 months' imprisonment it was below the 120-month statutory mandatory minimum sentence and significantly below the statutory maximum sentence of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B); *Irey*, 612 F.3d at 1190; *see also Gonzalez*, 550 F.3d at 1324 (explaining that a sentence well below the statutory maximum sentence available for an offense can be an indicator of reasonableness).

**AFFIRMED.**