[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

No. 07-15490
Non-Argument Calendar

_____

D. C. Docket No. 07-00049-CR-ORL-18KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CESAR MAYOBANEX CASTAING-SOSA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The government appeals the defendant Cesar Mayobanex Castaing-Sosa's ("Sosa") 80-month sentence for conspiracy to distribute and possess with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846. After review, we vacate and remand for resentencing.

## I. BACKGROUND

Sosa was arrested following an undercover investigation by multiple law enforcement agencies into a drug distribution ring operating in Orlando, Florida. Sosa worked for the drug distribution ring as a courier.

After Sosa pled guilty to the heroin conspiracy offense, the presentence investigation report ("PSI") calculated an advisory guidelines range of 97 to 121 months' imprisonment. On appeal, Sosa does not challenge these guidelines calculations in the PSI.[1]

However, because the statutory mandatory minimum sentence for Sosa's heroin conspiracy conviction is ten years' (120 months') imprisonment, see 21 U.S.C. §§ 841(b)(1)(A)(i), 846, the PSI recommended a sentencing range of 120 to 121 months' imprisonment. See U.S.S.G. § 5G1.1(c)(2). At the sentencing

---

[1]Sosa's base offense level was 32, but he received a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 29. His criminal history category of II and offense level of 29 yielded the advisory guidelines range of 97 to 121 months' imprisonment. At sentencing, Sosa objected to the denial of a minor-role reduction, but does not raise that issue in this appeal.

hearing, Sosa did object to the imposition of the statutory mandatory minimum sentence, arguing that it violated the separation of powers doctrine and the Eighth Amendment's prohibition on cruel and unusual punishment. The government responded that the information Sosa had provided in his interview with the government had not risen to the level of substantial assistance and, thus, the government had not filed a motion pursuant to U.S.S.G. § 5K1.1 that would permit the district court to sentence Sosa below the statutory mandatory minimum.

After noting that Sosa was subject to a statutory mandatory minimum sentence of 120 months' imprisonment, the district court nonetheless imposed an 80-month sentence. The district court imposed a lesser sentence to avoid a disparity between Sosa's sentence and those of his coconspirators who had received sentences below 90 months.[2] After imposing the 80-month sentence, the district court advised Sosa on the record that the sentence would be overturned if the government appealed, in which case Sosa would be required to serve the statutory mandatory minimum sentence, as follows:

> Now, understand that if the government chooses to appeal this sentence, it will be reversed and you will have to serve your mandatory minimum

---

[2]At the time of Sosa's sentencing, some of his codefendants had been sentenced as follows: (1) Damian Hellobin Baez to 80 months' imprisonment; (2) Nestor Hernandez to 87 months' imprisonment; and (3) Jose Luis Rivera-Alonzo to 70 months' imprisonment. Other codefendants had not yet been sentenced.

sentence. So it's entirely up to the government at this point, but I am sentencing you to 80 months so that you fall in line with all of your other co-conspirators.

The government objected to the 80-month sentence because it was below the statutory mandatory minimum. This appeal followed.[3]

## II. DISCUSSION

It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f). See United States v. Clark, 274 F.3d 1325, 1328 (11th Cir. 2001); United States v. Simpson, 228 F.3d 1294, 1302-03 (11th Cir. 2000). Here, the government did not file a substantial assistance motion, and Sosa did not qualify for safety-valve relief.[4] Thus, the district court erred by imposing a sentence below the statutory mandatory minimum.

---

[3]We review de novo the legality of a criminal sentence. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007).

[4]Sosa is ineligible for safety-valve relief because he has three criminal history points. See 18 U.S.C. § 3553(f)(1) (requiring the defendant to have no more than one criminal history point to receive safety-valve relief); U.S.S.G. § 5C1.2(a)(1) (same). Sosa did not object to the computation of his criminal history points at sentencing and does not challenge that computation on appeal.

On appeal, Sosa argues that his 80-month term of imprisonment combined with his 60-month term of supervised release satisfies the statutory mandatory minimum 120-month sentence. This argument ignores the plain language of § 841(b)(1)(A)(i), which requires the term of imprisonment to be at least ten years (120 months).[5]

Sosa also contends that § 3553(a) authorizes the district court to impose a sentence below the statutory mandatory minimum. Section 3553 governs the district court's imposition of a sentence. See 18 U.S.C. § 3553. Only two provisions of § 3553 authorize the district court to sentence a defendant below the statutory mandatory minimum. Section 3553(e), captioned "Limited authority to impose a sentence below a statutory minimum," gives the district court the authority "to impose a sentence below a level established by statute as a minimum sentence" based on the defendant's substantial assistance to a criminal investigation or prosecution of another. Id. § 3553(e). Section 3553(f), captioned "Limitation on applicability of statutory minimums in certain cases," gives the district court the authority to impose a sentence "without regard to any statutory minimum sentence . . . ." Id. § 3553(f). The district court must find at sentencing,

---

[5]The district court did not explicitly address Sosa's Eighth Amendment and separation of powers objections to the statutory mandatory minimum sentence, and on appeal Sosa does not raise these arguments in support of his 80-month sentence.

after the government first has an opportunity to make a recommendation, that the defendant meets the safety-valve criteria set forth in (f)(1) through (5). Id. Among other things, the safety valve criteria includes that the defendant provided truthful information and evidence to the government about his own offense. Id. § 3553(f)(5).

In contrast, § 3553(a) merely lists the factors the district court must consider in determining an appropriate sentence, one of which is the need to avoid unwarranted sentencing disparities. See § 3553(a)(1)-(7). Section 3553(a) makes no mention of statutory mandatory minimum sentences, much less purports to give the district court the authority to impose a sentence below the applicable statutory mandatory minimum sentence based on those factors. Reading § 3553 as a whole, § 3553(a) plainly does not confer upon the district court the authority to sentence a defendant below the statutory mandatory minimum based on its consideration of the § 3553(a) factors. See CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1225-26 (11th Cir. 2001) (explaining the canon of construction that Congress is presumed to act intentionally when language appears in one part of a statute, but is omitted in another part of the statute). Examining the language and structure of § 3553, it is also readily apparent that Congress chose to impose statutory mandatory minimum sentences and then provide only limited exceptions

6

based primarily upon a defendant's cooperation with law enforcement. To permit consideration of factors other than those designated in § 3553(e) and (f) would be inconsistent with the plain language and structure of § 3553.

Furthermore, as the government argues on appeal, the district court remains bound by statutes designating mandatory minimum sentences even after the remedial holding of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (noting in dicta that the district court is still bound by the statutory mandatory minimum sentence after Booker); United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007) (holding that "Booker does not expand the district court's authority to impose a sentence below a statutory minimum");[6] see also Spero v. United States, 375 F.3d 1285, 1286 (11th Cir. 2004) (concluding that an enhanced mandatory minimum of twenty years' imprisonment under 21 U.S.C. § 841(b)(1)(C) based on

---

[6]In Williams, the Eighth Circuit reasoned that Booker's "remedial holding provided that to cure the constitutional infirmity of the mandatory guidelines system, a district court is authorized to consider the factors set forth in § 3553(a), and to vary from the sentence otherwise indicated by the sentencing guidelines," but that "Booker did not question the constitutionality of statutory minimum sentences." Williams, 474 F.3d at 1132. The Eighth Circuit noted that, although Booker had excised 18 U.S.C. §§ 3553(b)(1) and 3742(e), "§ 3553(e) was unmentioned in the opinion" and concluded that Booker's deviation from a mandatory guidelines system extended only far enough to make the advisory system consistent with the Sixth Amendment. Id. Accordingly, the Eighth Circuit held that,"[b]ecause statutory minimum sentences remain constitutional, and it is constitutional for Congress to limit a court's authority to sentence below such minimums, the remedial holding of Booker does not impact the pre-existing limitations embodied in § 3553(e)." Id.

a judge-made drug quantity finding does not violate the Sixth Amendment principles in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), or <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), so long as it does not exceed the unenhanced statutory maximum sentence).  To avoid infringing a defendant's Sixth Amendment right to a jury trial, <u>Booker</u> made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress. Thus, <u>Booker</u>'s instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum.

In sum, although the district court's concern for the disparity between Sosa's sentence and that of his coconspirators was an appropriate factor to consider in determining where Sosa's sentence should fall between the applicable statutory minimum and maximum sentences, it did not provide a legal basis for imposing a sentence below the statutory mandatory minimum sentence. Accordingly we vacate Sosa's sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED.**