[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14986
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00049-CR-ORL-18-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR MAYOBANEX CASTAING-SOSA,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 22, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Cesar Mayobanex Castaing-Sosa ("Sosa") appeals his mandatory

minimum 120-month sentence for conspiracy to distribute and possess with intent to distribute one or more kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846. After review, we affirm.

## I. BACKGROUND

In the first appeal in this case, this Court vacated Sosa's original 80-month sentence because it was below the statutory mandatory minimum requirement of 120 months. At resentencing, Sosa's current 120-month sentence was imposed. The following facts are taken largely from this Court's opinion resolving Sosa's previous appeal. See United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008).

Sosa pled guilty to a heroin conspiracy offense for which the statutory mandatory minimum sentence was ten years' (120 months') imprisonment. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), 846. The PSI calculated an advisory guidelines range of 97 to 121 months' imprisonment and, noting the statutory mandatory minimum, recommended an advisory guidelines range of 120 to 121 months' imprisonment.

At the original sentencing, Sosa objected to the imposition of the mandatory minimum sentence based on "both [the] separation of powers clause and the [Eighth A]mendment." The district court noted the statutory mandatory minimum

2

sentence, but nonetheless imposed an 80-month sentence to avoid a disparity between Sosa's sentence and the sentences of his co-conspirators, which were less than 90 months' imprisonment. The government appealed, and this Court vacated Sosa's sentence, stating that the district court's considerations of sentence disparities did not provide a legal basis for imposing a sentence below the statutory mandatory minimum. Castaing-Sosa, 530 F.3d at 1361-62. This Court remanded for sentencing consistent with its opinion. Id. at 1362.

At resentencing, Sosa again objected to the statutory mandatory minimum sentence, "citing separation of powers, due process and [the] cruel and unusual provision of the 8th Amendment," but stated that he did not know of any cases supporting those grounds. The district court sentenced him to the statutory mandatory minimum sentence of 120 months' imprisonment. Sosa appealed.

## II. DISCUSSION

Sosa asserts that, at resentencing, he objected to the application of the statutory mandatory minimum sentence based on the constitutional separation of powers doctrine, of which the prohibition against bills of attainder is a "specific application."[1] Citing United States v. Brown, 381 U.S. 437, 441-49, 85 S. Ct. 1707, 1711-14 (1965), which discusses the origins and application of the Bill of

---

[1]The government argues that Sosa waived this argument by not raising it during his first appeal. We need not address the government's contention because Sosa's argument lacks merit in any event.

3

Attainder Clause of the U.S. Constitution, Sosa argues that the district court, by sentencing him below the statutory minimum, was attempting to "match the . . . punishment to the crime."

This Court reviews questions of constitutional law de novo. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). "A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Houston v. Williams, 547 F.3d 1357, 1364 (11th Cir. 2008) (internal quotation marks omitted).

Sosa offers no explanation of how the imposition of the statutory mandatory minimum penalty constitutes a bill of attainder, legislatively determining his guilt and inflicting punishment upon him without the protections of a judicial trial. In fact, Sosa received all of the protections inherent in the judicial process leading up to his conviction.

The Supreme Court's decision in Brown, the only legal authority cited by Sosa, does not support his contention. Nor does Brown support the proposition that the district court may disregard the statutory mandatory minimum sentence in order to match the punishment to the crime. The Brown Court held that a statute making it a crime for a member of the Communist Party to serve as an officer or employee of a labor union was an unconstitutional bill of attainder. 381 U.S. at

440, 85 S. Ct. at 1710. The Supreme Court noted that Congress must pass "rules of general applicability" and "cannot specify the people upon whom the sanction it prescribes is to be levied." Id. at 461, 85 S. Ct. at 1722. "Under our Constitution, Congress possesses full legislative authority, but the task of adjudication must be left to other tribunals." Id. Unlike the statute in Brown, the mandatory minimum statute in Sosa's case is a generally applicable rule decreeing that any person who conspires to possess one kilogram or more of heroin will be sentenced to a minimum of ten years in prison. This statute did not target any individual or group. And the judicial branch, not the legislative, determined that Sosa had committed the acts prohibited in 21 U.S.C. §§ 841 and 846 and thus adjudicated Sosa's guilt. Accordingly, the district court did not err in imposing the statutory mandatory minimum sentence.

**AFFIRMED.**