[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 04, 2009
THOMAS K. KAHN
CLERK

No. 09-11509
Non-Argument Calendar

_____

D. C. Docket No. 08-00402-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO ANASTASIO PALACIOS-BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 4, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Fernando Anastasio Palacios-Bonilla appeals his 240-month concurrent sentences imposed for (1) conspiring to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of

the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 21 U.S.C. § 960(b)(1)(B)(ii). Palacios-Bonilla argues that his sentence was unreasonable under the 18 U.S.C. § 3553(a) factors because of his history and individual characteristics, and the nature and circumstances of the offense, and because his sentence "exceeds the top of the guidelines." After thorough review, we affirm.

We review de novo the legality of a criminal sentence. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). Section 5G1.1(c)(2) of the sentencing guidelines provides that the sentence imposed may be within the applicable guideline range, "provided that the sentence . . . is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c)(2). Normally, the sentencing guideline range for an individual with a criminal history category of II and a total offense level of 35 who, unlike Palacios-Bonilla, had no prior felony drug conviction, would be 188 to 235 months. U.S.S.G. § 5A. However, 21 U.S.C. § 960(b)(1)(B)(ii) mandates that an individual, like Palacios-Bonilla, who has a prior felony drug offense conviction and subsequently conspired to possess

2

or did possess 5 or more kilograms of cocaine while on board a vessel, "shall be sentenced to a term of imprisonment of not less than 20 years."

"It is well-settled that a district court is not authorized to sentence a defendant below the statutory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360-61 (11th Cir. 2008). Even after the remedial holding of United States v. Booker, 543 U.S. 220 (2005), the district court remains bound by statutes designating mandatory minimum sentences. Castaing-Sosa, 530 F.3d at 1362. Booker's instruction to the district courts to consider the § 3553(a) factors in fashioning a reasonable sentence cannot be read to authorize the use of those factors to impose a sentence below an applicable statutory mandatory minimum. Id.

We find no merit in Palacios-Bonilla's argument. The district court properly concluded that Palacios-Bonilla was subject to a mandatory minimum sentence due to his prior felony drug convictions and sentenced him to the mandatory minimum term. Moreover, Palacios-Bonilla did not argue that he was entitled to the safety valve and the government did not file a substantial assistance motion. Therefore,

the district court correctly concluded that it was bound to sentence Palacios-Bonilla to the mandatory minimum of 240 months' imprisonment.  See id. at 1360-61.

**AFFIRMED.**