[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13644
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:11-cr-00088-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL MELENDEZ-BAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 10, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Joel Melendez-Baez appeals his 10-year mandatory minimum sentence imposed after pleading guilty to one count of knowingly and intentionally possessing with the intent to distribute 28 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On appeal, Melendez-Baez argues that the district court erred by concluding that the government did not breach the plea agreement.[1] After thorough review, we affirm.

We review whether the government breached a plea agreement de novo. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). We review an issue not raised before the district court for plain error. See United States v. Naranjo, 634 F.3d 1198, 1206-07 (11th Cir. 2011). Under plain error review, the defendant must show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Arbolaez, 450 F.3d 1283, 1291 (11th Cir. 2006).

Under U.S.S.G. § 5K1.1, the government may file a motion informing the court that the defendant provided substantial assistance in the investigation or prosecution

---

[1] Melendez-Baez also mentions that the district court abused its discretion by denying his motions to continue his sentencing hearing or to permit him to withdraw his guilty plea. However, because Melendez-Baez failed to devote a discrete section of his brief addressing these arguments, he has abandoned them on appeal. United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding an issue abandoned in a counseled case where, although the defendant made passing references to issues in his brief, he did not devote a discrete section of his brief to the argument and the references were undertaken as background to claims that he had expressly advanced).

2

of another individual. The government has the power, but not a duty, to file a §

5K1.1 motion. Wade v. United States, 504 U.S. 181, 185 (1992). A district court

may review the government's decision not to file a § 5K1.1 motion only if it "was

based on an unconstitutional motive," such as "the defendant's race or religion." Id.

at 185-86. The government also may not refuse to file a § 5K1.1 motion for reasons

not rationally related to a legitimate governmental purpose. Id. at 186. The

defendant, however, must make more than "generalized allegations of an improper

motive." Id.

Here, the district court did not err by finding that the government did not

breach the plea agreement. There was nothing in the plea agreement that required the

government to debrief Melendez-Baez before his sentencing hearing. Rather, the

agreement included two express provisions about the timing of his cooperation -- one

pertaining to if Melendez-Baez's cooperation was completed prior to sentencing, and

one pertaining to if his cooperation was completed after sentencing -- that thus

indicated that the debriefing could have occurred at either time. Moreover, both

provisions said that the government agreed "to consider" whether Melendez-Baez's

cooperation qualified as substantial assistance warranting the filing of a § 5K1.1

motion, not that it agreed to or was required to file a § 5K1.1 motion. Wade, 504 U.S.

at 185. In addition, Melendez-Baez failed to assert any unconstitutional motive

3

before the district court that would permit it to review the government's decision not to file a § 5K1.1 motion. Wade, 504 U.S. at 185-86. And, contrary to Melendez-Baez's assertion, the government did make known to the court the nature and extent of Melendez-Baez's cooperation, as it was clear in the prosecutor's and case agent's statements that Melendez-Baez had not cooperated at all and had waited to plead guilty until the week prior to trial.

As for Melendez-Baez's argument that the government breached the plea agreement by failing to recommend a sentence within the advisory guidelines range -- an argument reviewed for plain error since he did not raise it below, Naranjo, 634 F.3d at 1206-07 -- we are also unpersuaded. As the record shows, the advisory guidelines range that is applicable in the instant case was the 10-year mandatory minimum sentence, not the range of 57 to 71 months that would have applied without the mandatory minimum sentence. See U.S.S.G. § 5G1.1(b) (providing that when a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guidelines sentence). Thus, the government would have requested an improper sentence had it requested a sentence within the range of 57 to 71 months because the district court was not permitted to enter a sentence below the statutory mandatory minimum. See United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008) (holding that

4

a district court is not authorized to sentence a defendant below the statutory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)).  Further, although the government did not recommend a two-level reduction for acceptance of responsibility, because the reduction could not be applied because of the statutory mandatory minimum sentence, Melendez-Baez's substantial rights were not affected.  See Puckett v. United States, 556 U.S. 129, ___, 129 S.Ct. 1423, 1433 n.4 (2009) (noting that where the affected rights relate to sentencing, the outcome a defendant must show to have been affected is his sentence).  Therefore, the district court did not err by finding that the government did not breach the plea agreement, and we affirm.

**AFFIRMED.**