[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14193
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00041-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIEN CAMILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 4, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Emilien Camille appeals his 120-month sentence, following his pleading guilty to three counts of distribution of cocaine base, distribution of 28 or more grams of cocaine base, and conspiracy to possess with intent to distribute cocaine. We affirm.

## I. BACKGROUND

Between August and September 2011, an undercover Polk County Sheriff's Office detective purchased crack cocaine from Camille on three occasions. Later in September, Camille was stopped for a traffic violation. During a search, authorities found crack cocaine in the center console, $4,990 inside the car, $484 on Camille's person, and cocaine and crack cocaine in the gas tank. Camille admitted he had purchased the drugs about ten minutes before being stopped, he had planned to sell the drugs, and he had sold drugs before. Because he agreed to cooperate with federal authorities, he was not taken into custody.

In January 2013, a confidential informant ("CI") with the Hillsborough County Sheriff's Office and an undercover officer from the Tampa Police Department purchased 320 grams of cocaine from Gilberto Lopez, Camille's codefendant, in exchange for $9,900. The officer arrested Lopez immediately after the transfer. Lopez told authorities Camille had provided him with the money to purchase the drugs and had been waiting nearby. Additionally, during the drug transaction and the interview, Camille had called Lopez several times.

2

When authorities found Camille, he told them, because he had fallen on hard times, Lopez was bringing him some money. Camille, however, could not explain why they needed to transfer the money in Hillsborough County rather than Polk County, where they both lived. After being told Lopez was in police custody and had said he and Camille were attempting to purchase cocaine, Camille initially denied any drug activity. Shortly thereafter, Camille changed his story and said he was in Hillsborough working with drug-task-force agents. While he initially said the agents knew about the deal, he retracted that statement and said he planned on telling them about the deal when he returned to Polk County.

In February 2012, a federal grand jury returned an indictment charging Camille with three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Counts One through Three"); distribution of 28 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) ("Count Four"); and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 ("Count Five"). Camille pled guilty to all five counts without a plea agreement.

Before sentencing, the government filed an information and notice of Camille's prior drug convictions, pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(B), (b)(1)(C), and requested an enhanced sentence. The presentence investigation report "(PSI")" showed Camille had an offense level of 23 and a criminal history

category of III, resulting in a Sentencing Guidelines range of 57 to 71 months of imprisonment.  Because of the § 851 enhancement, he had a mandatory-minimum sentence of ten years for Count Four and, his Guidelines range for all counts became ten years.  Camille objected to the enhanced penalty and argued the district judge was required to hold a hearing to determine whether his prior drug convictions were valid for purposes of § 851.  At sentencing, however, Camille affirmatively abandoned his challenge to the § 851 enhancement.

The government noted at sentencing, after Camille had been indicted and pled guilty, the United States Attorney General had initiated a new policy, which outlined the types of cases in which the government should seek enhanced sentences.  Even under the new policy, the government argued Camille was subjected to the same enhanced ten-year, mandatory-minimum sentence.  Camille did not object to the § 851 enhancement based on that policy.

The district judge sentenced Camille to 120 months of imprisonment on each count to run concurrently.  The judge noted she had imposed the mandatory-minimum sentence of ten years; because Camille had pled guilty, she did not impose the greater sentence she had considered.  Camille did not raise any objections to his sentence.

4

## II. DISCUSSION

A. <u>Compliance with United States Department of Justice Policy</u>

For the first time on appeal, Camille argues the district judge violated his Fifth and Sixth Amendment due process rights by failing to hold a hearing to ensure the government had complied with the new Uunited States Department of Justice ("Justice Department") policy regarding charging mandatory-minimum penalties in certain drug cases in seeking a 21 U.S.C. § 851 enhancement,. We review de novo properly preserved constitutional challenges to a sentence. *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir.) (per curiam), *cert. denied*, 134 S. Ct. 311 (2013). Because Camille did not raise a due process argument or object to the § 851 enhancement based on the Justice Department policy in district court, we review only for plain error. *Id.* at 1261.[1] "Generally, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving an issue." *Id.* (citation, internal quotation marks, and alterations omitted).

On August 12, 2013, the United States Attorney General issued a memorandum regarding the Justice Department's policy on charging mandatory-minimum sentences for certain nonviolent, low-level drug offenders.

---

[1] Camille argues we should review this claim de novo, because of 21 U.S.C. § 851 notice's "jurisdictional nature." Appellant's Br. at 13. This argument fails, because Camille has not challenged the district judge's jurisdiction.

5

*Memorandum to the U.S. Att'ys & Assistant Att'y Gen. for the Criminal Div.: Dep't Policy on Charging Mandatory Minimum Sentences & Recidivist Enhancements in Certain Drug Cases* (Aug. 12, 2013) ("August 12 Memorandum").  The memorandum instructs prosecutors to decline to charge the drug quantity necessary to trigger a mandatory minimum sentence if the defendant meets certain criteria.  It instructs prosecutors to "decline to file an information pursuant to 21 U.S.C. § 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions."  *Id.* at 3.  It further states: "The policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding."  *Id.* at 2 n.2.

Neither the Supreme Court nor this court has analyzed whether a district judge must hold a hearing to determine whether the government has complied with the policies and procedures set forth in the August 12 Memorandum.  We have noted: "Justice Department policies . . . are merely matters relating to the internal operations of the Justice Department and create no enforceable right on the part of a criminal defendant."  *United States v. Bagnell*, 679 F.2d 826, 832 (11th Cir. 1982) (recognizing it was "solely within the province of the Justice Department to determine whether an internal policy against forum shopping in obscenity cases should bar prosecution in a given case").

6

The district judge did not plainly err by failing to hold a hearing to determine whether the government had complied with the August 12 Memorandum. Because neither the Supreme Court nor this court has addressed this issue, even if there was error, it was not plain. *Weeks*, 711 F.3d at 1261 (recognizing there generally can be no plain error when there is no binding precedent directly resolving an issue). Moreover, the August 12 Memorandum states it does not create or confer any rights or privileges to defendants in criminal cases. August 12 Memorandum at 2 n.2. We have noted other Justice Department policies relating to its internal operations create no enforceable rights. *Bagnell*, 679 F.2d at 832. The district judge did not plainly err by failing to ensure the government had complied with the August 12 Memorandum.

B. <u>Reasonableness of Sentence</u>

Camille argues his 120-month total sentence is procedurally unreasonable, because (1) the district judge did not consider the government's compliance with the August 12 Memorandum, and (2) the judge erroneously applied the 120-month enhanced penalty of Count Four to the other counts. He also argues his sentence is substantively unreasonable, because the sentence did not achieve the purposes of sentencing.

We review the reasonableness of a district judge's sentence through a two-step process using a deferential abuse-of-discretion standard of review. *Gall*

7

*v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). First, we determine whether the district judge committed any procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range." *Id.* Second, we analyze whether the sentence is substantively reasonable in view of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *Id.*[2]

When there are multiple counts of conviction, the sentence imposed on each count is the "total punishment" as calculated under the relevant portion of the Sentencing Guidelines. U.S.S.G. § 5G1.2(b).[3] The defendant's Guidelines range on the Sentencing Table may be affected or restricted by a statutory mandatory-minimum sentence in a multiple-count case. *Id.* § 5G1.2, cmt. n.3(B). Where "a statutorily required minimum sentence on any count is greater than the maximum

---

[2] The § 3553(a) factors to be considered by a sentencing judge include, among others: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to provide the defendant with needed medical care or other correctional treatment; (4) the need to protect the public from further crimes of the defendant; and (5) the applicable Sentencing Guidelines range. 18 U.S.C. § 3553(a).

[3] Section 5G1.2(b) states: "Except as otherwise required by law (*see* § 5G1.1(a),(b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." U.S.S.G. § 5G1.2(b). Part D of Chapter Three addresses how to group multiple counts of conviction in order to determine the combined offense level used to calculate the advisory Guidelines range. *See* U.S.S.G. §§ 3D1.1-3D1.5. Part C of Chapter 5 addresses the imposition of terms of imprisonment using the Sentencing Table and the application of safety-valve relief to certain statutory mandatory-minimum sentences. *See* U.S.S.G. §§ 5C1.1 to 5C1.2.

of the applicable guideline range, the statutorily required minimum sentence on that count shall be the guideline sentence on all counts." *Id.*

A district judge is not authorized to sentence a defendant below the statutory mandatory minimum, unless the government filed a substantial-assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f). *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008) (per curiam). A defendant must have no more than one criminal-history point to receive safety-valve relief. 18 U.S.C. § 3553(f)(1).

Camille's first procedural unreasonableness argument regarding the August 12 Memorandum lacks merit for all the reasons addressed. His second procedural unreasonableness argument fails, because the Sentencing Guidelines range for Counts One, Two, Three, and Five was below the statutorily required mandatory-minimum penalty for Count Four. As a result, U.S.S.G. § 5G1.2(b) called for a ten-year sentence "on all counts." U.S.S.G. § 5G1.2, cmt. n.3(B).

Camille's substantive unreasonableness argument fails, because the district judge lacked discretion to sentence him below the statutory mandatory-minimum sentence of ten years of imprisonment. *See Castaing-Sosa*, 530 F.3d at 1360 ("It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion . . . or the defendant falls within the safety-valve . . . ."). The government

9

has not filed a substantial-assistance motion, and Camille was not entitled to safety-valve relief, because he had five criminal-history points.  *Id.* at 1360-61, n.4; *see also* 18 U.S.C. § 3553(f)(1) (requiring the defendant to have no more than one criminal history point to receive safety-valve relief).  Therefore, Camille's 120-month-imprisonment sentence was appropriate.

**AFFIRMED.**

10