[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14831
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00123-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EMMANUEL SPRINGSTEEN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 2, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals Emmanuel Springsteen's 54-month total sentence. It contends the district court did not have the authority to sentence Springsteen below the seven-year mandatory minimum for his conviction for using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii), and, although it did not object below, the district court's error was plain. After plain error review,[1] we vacate and remand for resentencing.

## I.  BACKGROUND

Springsteen pled guilty to one count of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1), and one count of using carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The plea agreement stated both parties would recommend a sentence of seven years or 84 months.

For Count 1, the PSI assigned Springsteen a total offense level of 17, which when combined with a criminal history category of I, resulted in a Guidelines

---

[1]   The Government did not object to Springsteen's sentence before the district court. Ordinarily to preserve an issue for appeal, one must object. *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007). If one does not object, then we review for plain error. *Id*. Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "Plain is synonymous with clear or equivalently obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993). For an error to affect substantial rights, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.*

range for Count 1 of 24 to 30 months' imprisonment.  However, as to Count 2, the PSI noted the Guidelines sentence was the minimum term required by statute, which was 7 years—84 months—and that sentence must be served consecutively to any other sentence imposed.

At sentencing, the parties had no objections to the PSI.  Accordingly, the district court adopted the factual statements and Guidelines calculation contained within the PSI.  The district court determined Springsteen's total offense level was 17 and his criminal history category was I, resulting in a Guidelines range of 24 to 30 months' imprisonment.  The court also acknowledged that, as to Count 2, Springsteen was subject to an 84-month consecutive sentence.

After hearing arguments from the parties, both of whom asked for a total sentence of seven years, and allocution from Springsteen, the district court sentenced Springsteen to a total of 54 months' imprisonment, which consisted of 24 months for Count 1 and only 30 months for Count 2, set to run consecutively, followed by four years of supervised release.  In support of this total sentence, the district court explained Springsteen was only 20 years old, he had no criminal or juvenile history, and there was no history in his background of him ever possessing or using a firearm.  The district court also explained Springsteen had a rough childhood that involved an alcoholic father that had kidnapped him and who also had been in and out of jail; that Springsteen had been diagnosed with "severe

3

emotional disturbance since he was 13; he graduated high school; and, at the time of the offense, Springsteen was homeless.  Therefore, the court concluded the total Guidelines sentence was greater than necessary after considering the sentencing factors, and the total sentence it imposed was adequate deterrence for Springsteen's criminal conduct.

After pronouncing the total sentence, the district court asked the parties if there were any objections to its findings of fact, conclusions of law, or the manner in which the sentence was pronounced.  Neither party objected.  However, following entry of judgment, the Government appealed.

## II.  DISCUSSION

18 U.S.C. § 924(c)(1)(A)(ii) provides the following:

*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—*

> (ii) *if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.*

(emphasis added).  If a defendant is sentenced under this statute, his sentence pursuant to this statute must be consecutive to all other sentences.  *Id.* § 924(c)(1)(D)(ii).

"The sentencing guidelines make clear that where a guidelines range falls entirely below a mandatory minimum sentence, the court *must* follow the mandatory statutory minimum sentence."  *United States v. Clark*, 274 F.3d 1325, 1328 (11th Cir. 2001) (citing U.S.S.G § 5G1.1).  Therefore, where the "relevant statutorily authorized mandatory minimum sentence[] exceeded the relevant sentencing guidelines range," the mandatory minimum sentence "plainly [takes] precedence."  *Id.*  This remains true even after *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008).  Although a mandatory minimum sentence takes precedence over the applicable Guidelines range, the district court may depart from the mandatory minimum sentence in two circumstances: (1) when the government files a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or (2) when the defendant falls within the safety valve terms of 18 U.S.C. § 3553(f).  *Id.* at 1360.  Safety-valve relief only applies when a defendant violates one of several named controlled substance offenses.  *See* 18 U.S.C. § 3553(f).  Additionally, to qualify for safety-valve relief, the defendant must not have possessed a firearm or other dangerous weapon in connection with the offense.  *Id.*

§ 3553(f)(2). However, absent these two circumstances, "[i]t is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum." *Castaing-Sosa*, 530 F.3d at 1360.

In *Clark*, the United States conceded at sentencing the district court had the authority to depart downward from the mandatory minimum sentence, but otherwise argued the defendant was not entitled to a downward departure. 274 F.3d at 1327. The district court granted a departure and sentenced the defendant to 90 months below the mandatory minimum sentence of 240 months' imprisonment. *Id*. at 1328. The government appealed and argued the district court plainly erred by sentencing the defendant below the mandatory minimum sentence without it filing a motion for a departure based on substantial assistance and because the defendant was not entitled to safety-valve relief. *Id*. We agreed with the government. Applying plain error review and relying on the reasoning of the Sixth Circuit, we stated the government can show that its substantial rights were violated "if the error affects the outcome of the district court proceedings." *Id*. at 1329 (quoting *United States v. Barajas-Nunez*, 91 F.3d 826, 833 (6th Cir. 1996)). We further stated the following: "the district court's imposition of a sentence that is less than two-thirds of the statutorily-required minimum shows a disregard for governing law, diminishes the fairness of the criminal sentencing scheme by allowing disparate sentences to be imposed on similarly-situated defendants, and

6

undermines the integrity and public reputation of the judicial system." *Id*. Accordingly, we vacated the defendant's sentence and remanded with instructions for the district court to sentence the defendant to the statutory minimum sentence of 240 months. *Id*. at 1330.

As Springsteen concedes, "the law is not on [his] side in this Appeal." The district court plainly erred by sentencing Springsteen to 30 months for his conviction on Count 2, despite the mandatory minimum sentence being 84 months' imprisonment. It is well-settled that district courts do not have the discretion to sentence a defendant below the statutory mandatory minimum sentence absent a motion from the government for substantial assistance or the defendant qualifying for safety-valve relief. *See Castaing-Sosa*, 530 F.3d at 1360; *Clark*, 274 F.3d at 1328. However, in this case, neither exception was present, as the Government did not file a motion to depart from the mandatory minimum sentence and Springsteen did not commit a controlled substance offense. Therefore, the district court's error was plain. Furthermore, had the district court not erred, then the outcome of the district court proceedings would have been different, because the district court would have sentenced Springsteen to at least 84 months' imprisonment on Count 2, not 30 months. Thus, the Government's substantial rights were violated. *See Clark*, 274 F.3d at 1329. Finally, the district court sentencing Springsteen to less than half of the 84-month mandatory minimum without proper justification,

7

"diminishes the fairness of the criminal sentencing scheme by allowing disparate sentences to be imposed on similarly-situated defendants, and undermines the integrity and public reputation of the judicial system." *Id.* Accordingly, we vacate Springsteen's total sentence and remand for resentencing.

**VACATED AND REMANDED.**