[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13300
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00521-MSS-AAS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CARLOS LOZANO-CORDOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2020)

Before WILSON, LAGOA and HULL, Circuit Judges.

PER CURIAM:

Carlos Lozano-Cordova was sentenced to 120 months' imprisonment—the statutory mandatory minimum—for his conviction for conspiracy to possess five or more kilograms of cocaine with intent to distribute while aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Lozano-Cordova first asserts that his sentence is substantively unreasonable.  The government asserts that this claim is barred by Lozano-Cordova's appeal waiver and, regardless, is meritless.  Lozano-Cordova then argues that his sentence is grossly disproportionate in violation of the Eighth Amendment.

## I.

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson,* 541 F.3d 1064, 1066 (11th Cir. 2008).  For an appeal waiver to be effective, it must be made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver."  *Id.* at 1351.

Here, the appeal waiver precludes Lozano-Cordova's claim that his sentence is substantively unreasonable.  During the plea colloquy, the district court

2

specifically questioned Lozano-Cordova about the appeal waiver, stating that "the only ways that [he could] appeal [the] sentence" were if his sentence exceeded the applicable guideline range, exceeded the maximum statutory penalty, violated the Eighth Amendment, or was appealed by the government. Lozano-Cordova affirmed that he understood. Accordingly, the waiver was made knowingly and voluntarily. *See Bushert,* 997 F.2d at 1351. Even if the appeal waiver were invalid, the sentence is not substantively unreasonable because the district court properly imposed the statutory minimum sentence of 120 months. *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008) (concluding that the district court lacked authority to sentence the defendant below the statutory minimum based on its consideration of the 18 U.S.C. § 3553(a) factors).

## II.

We review an Eighth Amendment claim of cruel and unusual punishment not raised before the district court for plain error. *United States v. Suarez*, 893 F.3d 1330, 1335 (11th Cir. 2018). "Plain error review requires that there is an error, it is plain, and it affects substantial rights." *Id.*

"[T]he Eighth Amendment contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Bowers*, 811 F.3d 412, 431 (11th Cir. 2016) (alteration in original) (internal quotation marks omitted). "Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual

under the Eighth Amendment," as we afford "substantial deference" to Congress's "broad authority to determine the types and limits of punishments for crimes." *Id.* at 432 (internal quotation mark omitted).  The mandatory nature of a non-capital penalty is irrelevant for proportionality purposes.  *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010).  We have acknowledged that "successful Eighth Amendment challenges in non-capital cases are exceedingly rare."  *Suarez*, 893 F.3d at 1336 (internal quotation mark omitted).

In examining an Eighth Amendment claim in a non-capital case, we follow a two-part test.  "First, we determine whether the sentence is grossly disproportionate to the offense committed."  *Id.* (internal quotation mark omitted).  If it is, "we then consider sentences imposed on others convicted of the same crime."  *Id.*  When determining the seriousness of an offense, we consider the harm caused by the type of crime in that case.  *Farley*, 607 F.3d at 1344.

Lozano-Cordova's Eighth Amendment claim is expressly exempted from his appeal waiver.  We review this claim for plain error because Lozano-Cordova did not raise an Eighth Amendment objection to his sentence in district court.  *See Suarez*, 893 F.3d at 1335.  Lozano-Cordova's sentence does not violate the Eighth Amendment because it is within the statutory limits, which suggests that it was not excessive, *see Bowers*, 893 F.3d at 432, and because 120 months is not grossly disproportionate for an offense involving 715 kilograms of cocaine.  *See Harmelin*

4

*v. Michigan*, 501 U.S. 957, 1002–04 (1991) (determining that a life sentence without parole was not grossly disproportionate for a defendant convicted of possessing 672 grams of cocaine).  Accordingly, we affirm the district court.

**AFFIRMED.**