[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12051

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

DAVID KENNETH MARTIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00041-TFM-N-3

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Martin pled guilty to conspiring to possess with intent to distribute a substantial quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of the plea agreement, Martin confessed wrongdoing, agreed that he was "accountable for approximately 297 grams of methamphetamine," and aided the authorities. In exchange, the government dropped the remaining two counts brought against Martin in the indictment.

Section 841(b)(1)(A) contains a mandatory minimum sentence of 120 months' imprisonment for any violation of § 841(a)(1) involving "50 grams or more of methamphetamine." But the district court, over the government's objection, sentenced Martin to 96 months' imprisonment—24 months below the mandatory minimum. In doing so, the district court made findings tending to indicate that Martin has made strong efforts to reform himself and to stop using drugs.

The government now appeals, alleging that the district court lacked the discretion to deviate below the mandatory minimum sentence and that, consequently, Martin's sentence is illegal. For the reasons set out below, we agree, and thus vacate Martin's sentence and remand to the district court for resentencing.

## I.     RELEVANT BACKGROUND

On February 27, 2020, Martin was indicted by a grand jury for conspiring to possess and distribute more than 50 grams of methamphetamine (Count One), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2, and two counts of knowingly and willfully possessing methamphetamine with intent to distribute (Counts Fourteen and Fifteen), in violation of § 841(a)(1) and § 2.[1]   On April 27, 2020, Martin pled guilty to Count One, i.e., the conspiracy charge.  In exchange for the government dropping the other two counts against him, Martin admitted that he was responsible for "297 grams of methamphetamine actual."  The plea was accepted on June 3, 2020, and Counts Fourteen and Fifteen were dismissed on the government's motion.

A probation officer subsequently prepared a Presentence Investigation Report ("PSI") for Martin.  Because Martin possessed at least 150 grams but less than 500 grams of methamphetamine, the PSI stated that his base offense level was 32 under U.S.S.G. § 2D1.1(c)(4).  Martin possessed a dangerous weapon, so the level was raised to 34 pursuant to U.S.S.G. § 2D1.1(b)(1).  Additionally, because Martin accepted responsibility and aided the authorities, his level was reduced by three points under U.S.S.G. § 3E1.1(a)–(b) to 31.  And the PSI stated that, based on his crimi-

---

[1] Martin and four other codefendants were named and charged in a seventeen-count indictment.

nal record, Martin had a criminal history category of II.  Accordingly, the PSI found that the statutory minimum term of imprisonment was 120 months and that the maximum was life, *see* § 846(b)(1)(A), and that the U.S. Sentencing Guidelines range recommended between 121 and 151 months' imprisonment.

At the sentencing hearing on May 13, 2021, the district court found the PSI's calculations as to the total offense level, criminal history category, and sentencing guidelines ranges correct.  However, the district court sentenced Martin to just 96 months' imprisonment, 24 months fewer than the statutory mandatory minimum.  The government objected on the record, noting the discrepancy between Martin's sentence and the mandatory minimum, which the district court denied.

The government filed a motion to correct the judgment under Federal Rule of Criminal Procedure 35.  The government alleged that it was clear error to impose a sentence under the mandatory minimum without finding that an exception applied.  The district court denied the motion based on its "obligation . . . to impose a sentence not greater than required by law."

The government then filed this timely appeal.

## II.     STANDARD OF REVIEW

We review the legality of a sentence *de novo*.[2]   *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002)

## III.     ANALYSIS

### A.  Martin's Sentence Falls Below the Statutory Minimum.

Mandatory minimum sentences are just that: mandatory. They reflect a judgment by Congress that certain offenses should have certain minimum punishments; to disregard them would affect the "rights of . . . the people of the United States." *United States v. Clark*, 274 F.3d 1325, 1329 (11th Cir. 2001) (quoting *United States v. Barajas-Nunez*, 91 F.3d 826, 833 (6th Cir.1996)). Thus, "[i]t is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pur-

---

[2] Martin asks us to review the district court's decision for abuse of discretion, citing *Gall v. United States*, 552 U.S. 38 (2007).  That is the appropriate standard of review when assessing a sentence with respect to the *sentencing guidelines*.  *See id.* at 41.  However, the legality of a sentence, i.e., whether the district court had any discretion in the first place, is a question of law which we review *de novo*.  *See United States v. Clark*, 274 F.3d 1325, 1328 (11th Cir. 2001) ("The sentencing guidelines make clear that where a guidelines range falls entirely below a mandatory minimum sentence, the court *must* follow the mandatory statutory minimum sentence.  We emphasize that this case is governed by the mandatory minimum sentences established by Congress, and is not a case where the district court had any discretion to depart downward from the relevant sentencing guidelines range." (citations omitted)); *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 & n.3 (11th Cir. 2008).

suant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008).

Here, in pleading guilty to violating 21 U.S.C. §§ 841(a)(1) and 846, Martin admitted to possessing 297 grams of methamphetamine. And 21 U.S.C. § 841(b)(1)(A)(viii) is clear: a person who violates § 841(a)(1) and possesses "50 grams or more of methamphetamine . . . shall be sentenced to a term of imprisonment which may not be less than 10 years"; i.e., 120 months. Plainly, then, Martin's sentence is outside the statutory range.

Therefore, unless an exception justifies the downward variance, Martin's sentence is illegal.

## B.  No Exceptions Justify the Departure.

Martin answers that he qualifies under the "safety valve" provision found in 18 U.S.C. § 3553(f).[3]  Under that provision, a court may sentence a defendant "without regard to any statutory minimum sentence, if the court finds, at sentencing, after the Government has been afforded the opportunity to make a recommendation, that" the defendant meets a variety of criteria, including a mild criminal history, absence of violence in the offense and injury to others, and the defendant playing a limited role in the offense. *See id.*

---

[3] The government did not file a substantial assistance motion.

Here, the district court did not make the necessary findings to apply the safety valve.  To be sure, the district court made findings that justify a sentence at the low end of the guidelines:

> [Martin] seem[s] to have found the path toward pro-social activities. . . . [I]f [Martin] get[s] away from [drugs], . . . [he]'ll do just fine . . . .

> I looked at the defendant's presentence report and determined what I thought a reasonable sentence would be, then I looked at what the guidelines require, and I feel that the guidelines are more punitive than necessary to achieve the ends of sentencing.

> I feel that the sentence that I am imposing addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation. . . .

> I find that [Martin is] not likely to flee or to pose a danger to any other person or the community . . . .

But while these factors tend to indicate that Martin has made commendable efforts at reform, they simply do not satisfy the explicit statutory requirements laid out in § 3553(f).

As the district court was bound by the expressed will of Congress, so too are we.  There is a statutory minimum length of sentence that must be imposed under 21 U.S.C. § 841.  There are no exceptions present here that allowed the district court to sen-

tence Martin below the statutory mandatory minimum sentence. Accordingly, we vacate and remand for resentencing.

**VACATED AND REMANDED.**