[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10776

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAM JONES, JR.,
a.k.a. SAMUEL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cr-00117-TKW-2

_____

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Sam Jones, Jr. appeals his convictions and 180-month sentences for conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. First, he argues that there was insufficient evidence to support his conviction. Second, he asserts that the district court erred in denying him a new trial on the ground that the government entrapped him with a larger-than-necessary amount of drugs. Third, he argues that his sentence is substantively unreasonable.

I.

We review *de novo* a challenge to the sufficiency of the evidence supporting a conviction and the denial of a motion for judgment of acquittal. *United States v. Pirela Pirela*, 809 F.3d 1195, 1198-99 (11th Cir. 2015). "We will not reverse a conviction for insufficient evidence in a non-jury trial unless, upon reviewing the evidence in the light most favorable to the government, no reasonable trier of fact could find guilt beyond a reasonable doubt." *Id.* (quotation marks omitted). All credibility issues are resolved in favor of the guilty verdict. *United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015). Moreover, the factfinder "is free to choose among alternative reasonable interpretations of the evidence, and

the government's proof need not exclude every reasonable hypothesis of innocence." *United States v. Tampas*, 493 F.3d 1291, 1298 (11th Cir. 2007) (quotation marks and citations omitted).

No individual may knowingly or intentionally possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). In relevant part, an offense under § 841(a) involving 500 grams or more of methamphetamine is punishable by a minimum of 15 years' imprisonment and a maximum of life imprisonment "if any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final." *Id.* § 841(b)(1)(A)(viii). A person who conspires to commit an offense under 21 U.S.C. § 841 is subject to the penalties proscribed by that section. *Id.* § 846.

To sustain a conviction under 21 U.S.C. § 846, the government must prove that: (1) an agreement existed between two or more people to distribute drugs; (2) the defendant knew of the conspiratorial goal; and (3) the defendant knowingly joined or participated in the illegal scheme. *United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009). While the government need not prove that the defendant knew every detail or participated in every aspect of the conspiracy, the government must show that the defendant "knew the essential nature of the conspiracy." *United States v. Garcia*, 405 F.3d 1260, 1269-70 (11th Cir. 2005) (quotation marks omitted). Participation in a conspiracy may be established by "direct or circumstantial evidence, including inferences from the conduct of

the alleged participants or from circumstantial evidence of a scheme." *Id.* at 1270 (quotation marks omitted).

To sustain a conviction for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1), the government must establish "(1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008). A defendant has actual possession of a substance when he has direct physical control over it, and constructive possession can be shown by proving "ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008) (quotation marks omitted). A defendant's intent to distribute "may be inferred from the large quantity of narcotics that were seized." *United States v. Tinoco*, 304 F.3d 1088, 1123 (11th Cir. 2002).

Here, the district court did not err in finding that the evidence was sufficient to sustain Jones's convictions because his text messages, his statements, and Leiba's statements allowed a rational trier of fact to find him guilty beyond a reasonable doubt. As to the conspiracy charge in Count 1, the evidence showed that Jones and Leiba had an agreement to distribute over 500 grams of methamphetamine because their text messages and recorded conversations indicated that they planned to sell 10 pounds of methamphetamine at $7,000 per pound, law enforcement discovered 10 pounds of the drug in Leiba's car, there was approximately 2 pounds of methamphetamine on Jones's bed, and he was heading to get the other 8

pounds when he was arrested.  Next, it was reasonable for the district court to conclude that Jones knew about the plan because Leiba testified that Jones knew that Leiba needed his help selling the drugs and Jones stated that he contacted people who could help sell the methamphetamine.  He also participated in the conspiracy by acting as a middleman.

As to the possession with intent to distribute conviction in Count 2, Jones knew that the packages that Leiba brought contained methamphetamine because he removed some of the drug from the bag and examined it.  Next, Jones had control and constructive possession of the bags of methamphetamine because they were on his bed and inside his house.  Further, Jones contacted people who could help him sell the drugs, which shows an intent to distribute, as does the large amount of drugs involved.

## II.

We review the denial for a new trial for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation marks omitted).  We deem abandoned issues and contentions not raised by a defendant in his initial brief.  *United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010).  "To obtain reversal of a district court judgment that is based on multiple, independent

grounds, [the defendant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotation marks omitted).

Rule 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33(b) authorizes a district court to grant a new trial based on grounds other than new evidence if the motion was filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2). Motions for a new trial based on the weight of the evidence are "not favored" and are reserved only for "really exceptional cases." *United States v. Gallardo*, 977 F.3d 1126, 1140 (11th Cir. 2020) (quotation marks omitted).

Here, it is unnecessary to reach the merits of Jones's motion because he abandoned any challenge to the district court's determination that his motion was filed outside of the Rule 33 14-day window and, thus, he has not challenged every ground for the district court's denial of his motion.

### III.

We review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light

of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum. *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008). Even if the guidelines range falls entirely below the mandatory minimum sentence, the court must follow the mandatory statutory minimum sentence. *United States v. Clark*, 274 F.3d 1325, 1328 (11th Cir. 2001). This is because the mandatory minimum sentence "plainly [takes] precedence." *Id*.

Here, the district court did not err because Jones was sentenced to the mandatory minimum sentence, which was mandated by Congress, and thus the district court lacked the authority to deviate downward from the mandatory minimum sentence.

**AFFIRMED.**