**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlton POTTS, a.k.a. Pep,**
**Defendant–Appellant.**

**No. 15–12311**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 8, 2016.

Karen Atkinson, Wifredo A. Ferrer, Eduardo I. Sanchez, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Mark Lester, John C. McMillan, Lothrop Morris, U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Carlton Potts, Rochester, MN, pro se.

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carlton Potts, proceeding *pro se,* appeals the district court's determination that Potts was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendments 750, 780, and 782 to the Sentencing Guidelines. No reversible error has been shown; we affirm.

We review *de novo* the district court's legal conclusions about the scope of its authority under section 3582(c)(2). *United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012). We construe liberally *pro se* pleadings. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998).

A district court may not reduce a defendant's term of imprisonment unless (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission later lowered and (2) a reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). A reduction is inconsistent with the guidelines' policy statements if the guidelines amendment does not lower the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A defendant's "applicable guideline range" is the guideline range determined based on a defendant's offense level and criminal history category before the application of departures or variances. U.S.S.G. § 1B1.10, comment. (n. 1(A)).

The district court lacked the authority to reduce Potts's sentence, pursuant to section 3582(c)(2). First, Potts was sentenced to 240 months' imprisonment: the statutory mandatory minimum sentence for Potts's offense of conviction. *See* 21 U.S.C. § 841(b)(1)(A). "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the govern-

ment filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *United States v. Castaing–Sosa*, 530 F.3d 1358, 1360 (11th Cir.2008). Here, the government filed no section 3553(e) motion; and Potts was ineligible for relief under section 3553(f). Thus, the district court lacked authority to sentence Potts below the 240–month statutory mandatory minimum. *See id.* Potts is also ineligible for relief under Amendment 780. *See* U.S.S.G. § 1B1.10(c) (Amendment 780 applies only "[i]f the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion.").

Moreover, Potts's applicable guideline range was not lowered by Amendments 750 and 782. Based on Potts's total offense level of 41 and criminal history category of VI, Potts's initial guidelines range was calculated as 360 months' to life. Although retroactive application of Amendments 750 and 782 would reduce Potts's base offense level, Potts's adjusted offense level would still be 37 based on the operation of the career-offender guideline in U.S.S.G. § 4B1.1. Thus, Potts's applicable guideline range remains unchanged. That Potts was sentenced below his guideline range based on the government's section 5K1.1 motion does not alter his "applicable guideline range" for purposes of determining eligibility under section 3582(c)(2). *See* U.S.S.G. § 1B1.10, comment, n. 1(A). The district court committed no error in concluding that Potts was ineligible for a sentence reduction. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

AFFIRMED.