[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11756
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00458-EAK-EAJ

JAMES DUFFY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 27, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James Duffy, a Florida prisoner serving a fifteen-year imprisonment sentence for trafficking in methamphetamine or amphetamine, appeals the denial of his 28 U.S.C. § 2254 petition, which had raised, in relevant part, a claim that his

trial counsel had rendered ineffective assistance by failing to discuss the pros and cons of his plea offer. The district court denied Duffy's petition as to that issue because the claim had been procedurally defaulted in the state court. Duffy argues on appeal that, pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), the procedural default should be excused and that his claim of ineffectiveness of his trial counsel should be considered on the merits because his post-conviction counsel was ineffective for failing to raise that issue in the original state post-conviction proceeding. After careful review, we affirm.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). We may affirm the denial of habeas relief for any ground supported by the record. Trotter v. Sec'y, Dep't of Corrs., 535 F.3d 1286, 1291 (11th Cir. 2008).

Under Martinez, a prisoner may establish cause for the default of a claim of ineffective assistance of trial counsel by showing that: (1) post-conviction counsel was ineffective under the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984); and (2) the defaulted claim is a "substantial one," which means that the prisoner must show that "the claim has some merit." Martinez, 566 U.S. at 14. A defaulted claim is substantial if the resolution of its merits would be debatable among jurists of reason. Miller–El v. Cockrell, 537 U.S. 322, 336 (2010).

2

To make a successful claim of ineffective assistance of counsel under Strickland, a defendant must demonstrate both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  466 U.S. at 687.  First, deficient performance requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.  Id.  The burden is on a petitioner to prove, by a preponderance of competence evidence, that counsel's performance was unreasonable.  Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001).

Second, prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.  If a plea offer has been rejected due to counsel's allegedly deficient performance, a defendant shows prejudice by demonstrating a reasonable probability that: (1) he would have accepted the earlier plea offer had he been afforded effective assistance of counsel during plea negotiations; (2) the plea would have been entered without the state canceling it or the trial court refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.  Lafler v. Cooper, 566 U.S. 156, 164 (2012).

In this case, Duffy has failed to satisfy the standard set forth in Martinez.  As for its first prong, Duffy must show that his post-conviction counsel was

3

ineffective under Strickland for failing to raise in Duffy's first Rule 3.850 motion the issue of trial counsel's ineffectiveness. Martinez, 566 U.S. at 14. In relevant part, Duffy argues that his post-conviction counsel should have argued that his trial counsel was ineffective when it failed to properly advise him regarding the state's plea offer, which was a four-year sentence in exchange for his guilty plea. Duffy says that, when the offer was made by the state, defense counsel told him about the offer and told him to think about it, without advising him of the "pros and cons" of the offer. Duffy claims that if he had been fully advised of the offer, he would have pled guilty and not gone to trial.

However, Duffy has not met his burden of showing that his post-conviction counsel was ineffective for failing to raise his trial counsel's ineffectiveness. Id. While Duffy alleges that he would have accepted the plea offer if he had known more information, he offers nothing indicating -- much less showing a reasonable probability -- that he had any intent to plead guilty. See Lafler, 566 U.S. at 164. Nor has Duffy has cited to anything suggesting that the trial court would have accepted the negotiated plea of a four-year sentence, especially when the mandatory-minimum sentence was fifteen years' imprisonment. See Lafler, 566 U.S. at 164; Putman, 268 F.3d at 1243. Indeed, we've held that a defendant failed to satisfy Lafler where, as here, the district court could not have sentenced him to the prosecutor's recommended sentence under the plea, since it was less than the

4

mandatory minimum. See Osley v. United States, 751 F.3d 1214, 1225 (11th Cir. 2014) (citing United States v. Castaing–Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008) ("It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f).")).

As for the second prong of Martinez, even if Duffy's allegations are sufficient to demonstrate deficient performance on the part of post-conviction counsel, Duffy has failed to demonstrate that his underlying claim of ineffective assistance of trial counsel is "substantial." To do so, he would need to show that his claim has merit, yet as we've already explained, he has not done so. See Martinez, 566 U.S. at 14; Miller–El, 537 U.S. at 336. Indeed, he has failed to demonstrate that his trial counsel was deficient, or that the alleged deficiency prejudiced him. See Strickland, 466 U.S. at 687-90; Putman, 268 F.3d at 1243. Because he did not meet this burden, he did not meet the standard in Martinez to excuse the procedural default. See Putman, 268 F.3d at 1243; Martinez, 566 U.S. at 14.

**AFFIRMED**.