[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12926
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2012
JOHN LEY
CLERK

D. C. Docket No. 0:09-cr-60184-WJZ-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER EDWIN STUYVESANT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2012)


Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Peter Edwin Stuyvesant appeals his total 240-month mandatory minimum sentence for conspiracy to and attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  No reversible error has been shown; we affirm.

Based on Stuyvesant's total offense level and his criminal history category, the presentence investigation report ("PSI") calculated his advisory guidelines range as 135 to 168 months' imprisonment.[1]  But because the statutory mandatory minimum sentence for each of Stuyvesant's offenses was 20 years, <u>see</u> 21 U.S.C. § 841(b)(1)(A), the PSI concluded that his guidelines range was 240 months' imprisonment, pursuant to U.S.S.G. § 5G1.2(b).[2]

In his objections to the PSI and at the sentencing hearing, Stuyvesant urged the district court to consider a downward departure, pursuant to U.S.S.G. § 5H1.4, based on his chronic hepatitis C, his end-stage liver disease, and his urgent need for a liver transplant.  The district court rejected Stuyvesant's request and sentenced him to 240 months' imprisonment.

---

[1]Stuyvesant does not challenge the PSI's guidelines calculations on appeal.

[2]Before trial, the government filed a notice, pursuant to 21 U.S.C. § 851, for an enhanced sentence based on Stuyvesant's earlier felony drug conviction.

2

On appeal, Stuyvesant challenges the district court's denial of his downward departure motion. He concedes, however, that -- absent such a departure -- he is subject to a 20-year statutory mandatory minimum sentence, pursuant to section 841(b)(1)(A).

"It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008). Here, the government did not file a substantial assistance motion and Stuyvesant -- who has three criminal history points -- was ineligible for safety-valve relief. Thus, the district court lacked discretion to sentence Stuyvesant below the statutory mandatory minimum sentence of 20 years' imprisonment.[3]

On appeal, Stuyvesant requests that we reevaluate whether, in the light of United States v. Booker, 125 S. Ct. 738 (2005), a district court has authority to grant a departure below the statutory mandatory minimum sentence. We have already answered this question in the negative, concluding that "the district court

---

[3]Although the district court erred in stating that it had discretion to depart below the mandatory minimum sentence, such error was harmless because it did not affect the sentence imposed. See Williams v. United States, 112 S. Ct. 1112, 1120-21 (1992).

remains bound by statutes designating mandatory minimum sentences even after the remedial holding of [Booker]." Castaing-Sosa, 530 F.3d at 1362.

AFFIRMED.