[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12489
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cr-60184-RKA-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER EDWIN STUYVESANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Peter Stuyvesant, a federal prisoner proceeding pro se,[1] appeals the district court's denials of (1) his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and (2) his motion for reconsideration of that denial. No reversible error has been shown; we affirm.[2]

In 2010, Stuyvesant was convicted of conspiracy to distribute more than five kilograms of cocaine and for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Because Stuyvesant had a prior felony drug conviction -- for conspiracy to distribute more than 1,000 kilograms of marijuana -- he was subject to a statutory minimum sentence of 20 years' imprisonment. The district court imposed a total sentence of 240 months followed by 10 years' supervised release. We affirmed Stuyvesant's sentence on appeal. See United States v. Stuyvesant, 470 F. App'x 871 (11th Cir. 2012) (unpublished).

---

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] To the extent Stuyvesant seeks to challenge the legality of his sentence, those arguments are outside the scope of this appeal.

In 2019, Stuyvesant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.[3] Stuyvesant sought relief based on his 22 chronic medical conditions, including Hepatitis C, congestive heart failure, end-stage liver cirrhosis and related complications, and on his need for a liver transplant.

The district court denied Stuyvesant's motion. The district court assumed for purposes of the motion that Stuyvesant's end-stage liver cirrhosis was a "terminal illness" under U.S.S.G. § 1B1.13 comment. (n.1(A)(i)) and, thus, constituted an "extraordinary and compelling reason" warranting a reduced sentence. Nevertheless, the district court concluded that compassionate release was inappropriate because Stuyvesant had failed to demonstrate that he no longer posed a danger to the community. The district court also later denied Stuyvesant's motion for reconsideration of the denial of relief.

We review for abuse of discretion the district court's decision about whether to grant or deny a defendant compassionate release. See United States v. Harris, No. 20-12023, 2021 U.S. App. LEXIS 6040, at *6 (11th Cir. Mar. 2, 2021); see also United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the standard of review for a motion for reduction of sentence under an analogous

---

[3] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

provision of the First Step Act).  A district court abuses its discretion if it applies

an incorrect legal standard or makes findings of fact that are clearly erroneous.  See

United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006).

In 2018, Congress enacted the First Step Act, which, in part, amended 18

U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate

release of federal prisoners.  See First Step Act § 603.  The statute provides that a

"court may not modify a term of imprisonment once it has been imposed," except

under certain circumstances.  18 U.S.C. § 3582(c).  About compassionate release,

section 3582(c)(1)(A)(i) provides as follows:

> [T]he court . . . may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) . . . if it finds that .
> . . extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) provide that -- in

addition to determining whether extraordinary and compelling reasons exist that

might warrant a sentence reduction -- the district court must determine that "the

defendant is not a danger to the safety of any other person or to the community, as

provided in 18 U.S.C. § 3142(g)."  See U.S.S.G. § 1B1.13(2); id., comment. (n.1).

In determining the potential danger posed by a defendant, the court considers these

4

factors: (1) the nature and circumstances of the offense, including whether the offense involved a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

Contrary to Stuyvesant's assertion on appeal, the district court applied the proper legal framework -- as set forth above -- in considering his motion for compassionate release.

In determining whether Stuyvesant posed a danger to the community, the district court said that Stuyvesant's offenses of conviction involved a controlled substance and that the evidence of Stuyvesant's guilt was "strong." About Stuyvesant's history and characteristics, the district court characterized Stuyvesant as a "repeat drug offender." In addition, the district court noted that Stuyvesant's Hepatitis C and related medical complications had not deterred Stuyvesant from committing the serious drug offenses underlying his current incarceration. Given Stuyvesant's criminal and medical history, the district court found it unlikely that Stuyvesant's current health problems would deter him from committing other controlled-substance crimes in the future.

We cannot conclude that the district court's factual findings are clearly erroneous. The record demonstrates that -- when Stuyvesant committed the instant offenses -- Stuyvesant already suffered from the same serious medical conditions described in Stuyvesant's compassionate release motion, including having already been placed on the liver transplant list. Given that Stuyvesant was a repeat offender and that his offenses involved substantial amounts of controlled substances, the district court concluded reasonably that Stuyvesant would continue to pose a danger to the community despite his deteriorating health.

On this record, the district court abused no discretion in denying Stuyvesant's motion for compassionate release. Nor did the district court abuse its discretion in denying Stuyvesant's motion for reconsideration: a motion that sought chiefly to relitigate issues already addressed by the district court and to assert arguments and evidence that could have been raised earlier. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be sued to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'"). To the extent Stuyvesant also asserted that he was at increased risk of complications due to COVID-19, that argument had no bearing on the district court's dispositive

6

determination about Stuyvesant's danger to the community.

AFFIRMED.